UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHAN WILSON,

        Plaintiff,

v.                                     Case No. 08-13247
                                     Honorable Nancy G. Edmunds

C/O DANIELS, C/O GUTHRIA,
H/O HEISLER, and H/A RICHARD STAPLETON,

        Defendants.
_____/

## OPINION AND ORDER FOR SUMMARY DISMISSAL THEREBY DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AS MOOT

I.

Plaintiff Nathan Wilson, a state prisoner, currently confined at the Kinross Correctional Facility in Kincheloe, Michigan, has filed a *pro se* civil rights complaint pursuant to 18 U.S.C. § 242. Plaintiff's allegations in his Complaint occurred while he was incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan. In his pleadings, Plaintiff alleges that the prison guards assaulted him. On that basis, the Court therefore found that Plaintiff's Complaint was properly a 42 U.S.C. § 1983 Complaint. The Court also found that Plaintiff neither filed an application to proceed *in forma pauperis* nor did he pay the required $350.00 filing fee. Additionally, upon review of the court's records, the Court found that it appeared that Plaintiff had "three strikes" within the meaning of 28 U.S.C. § 1915(g); Plaintiff filed six civil rights cases, which have been dismissed for being frivolous, malicious, or for failing to state a claim upon which relief can be granted. *See Wilson v. C/O Daniels*, No. 08-12802 (E.D. Mich. July 16, 2008) (failure to state a claim); *Wilson v. C. Caldwell*, No. 06-00142 (W.D. Mich. June 6,

2006) (failure to state a claim); *Wilson v. Unknown Pelton*, No. 06-00239 (W.D. Mich. May 24, 2006) (three strikes rule); *Wilson v. William Overton*, No. 05-00082 (W.D. Mich. Sept. 7, 2005) (failure to state a claim); *Wilson v. Ruo McCallough*, No. 05-40027 (E.D. Mich. April 20, 2005) (failure to state a claim); *Wilson v. Klein*, No. 02-00936 (W.D. Mich. Jan. 7, 2003) (failure to state a claim).

As a result, on July 31, 2008, the Court issued a Show-Cause Order, which required Plaintiff to pay the $350.00 filing fee or to submit an application to proceed *in forma pauperis* within thirty days of that Order. To date, Plaintiff has neither paid the filing fee in full or supplied this Court with the requested information. Rather, Plaintiff has filed a "Motion for Reconsideration," objecting to the Court's Order. For the reasons stated below, the Complaint is dismissed with prejudice.

II

The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1) (as amended). *See also In Re Prison Litigation Reform Act*, 105 F.3d 1131, 1138 (6th Cir. 1997). The *in forma pauperis* statute, 28 U.S.C. § 1915(a), does provide prisoners the opportunity to make a "down[-]payment" of a partial filing fee and pay the remainder in installments. *See Miller v. Campbell*, 108 F.Supp.2d 960, 962 (W.D. Tenn. 2000).

Under the PLRA, a prisoner may bring a civil action *in forma pauperis* if he files an affidavit of indigence and a certified copy of the trust-fund-account statement for the six-month period immediately preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a). If the

inmate does not pay the full filing fee and fails to provide the required documents, the district court must notify the prisoner of the deficiency and grant him thirty days to correct it or pay the full fee. *See McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir.1997). If the prisoner does not comply, the district court must presume that the prisoner is not a pauper, assess the inmate the full fee, and order the case dismissed for want of prosecution. *Id.*

Plaintiff has objected to the Court's Order, claiming that the PLRA's filing-fee provision does not apply because he brought his Complaint under 18 U.S.C. § 242 and the filing fee does not apply in those cases. Plaintiff's objection is disingenuous. Although Congress primarily targeted prisoner civil rights cases when it enacted the filing-fee provision of the PLRA, the text of the Act is not limited to such actions.

Rather, Congress chose to make this filing-fee provision applicable to all "civil action[s]." *See United States v. Jones*, 215 F.3d 467, 469 (4th Cir. 2000). The phrase "civil action" contained in the PLRA's filing-fee provision is not limited to challenges to the conditions of confinement. *See Lefkowitz v. Citi-Equity Group, Inc.*, 146 F.3d 609, 612 (8th Cir. 1998). Even motions that are brought under the federal rules of criminal procedure have been deemed "civil actions," for the purpose of invoking the PLRA's filing-fee requirement, when the prisoner's motion is, "as a common[-]sense matter," a civil proceeding. *See Pena v. United States*, 122 F.3d 3, 4 (5th Cir. 1997).

Additionally, if a prisoner proceeding *in forma pauperis* attempts to cloak another civil action, such as an alleged civil rights action, as a petition for writ of habeas corpus or a motion for post-conviction relief, a district court must assess the prisoner the applicable filing fee under the PLRA. *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). "[P]risoners who play

games to avoid the PLRA should not expect courts to cooperate." *Moran v. Sondalle*, 218 F.3d 647, 651 (7th Cir. 2000).

In the present case, Plaintiff has filed a Complaint alleging assault by prison officials. Such actions are obviously subject to the PLRA's filing-fee requirements. *Jones*, 215 F.3d at 469. Plaintiff was therefore required to comply with the Court's Order.

Against that backdrop, the Court will dismiss the Complaint for want of prosecution; Plaintiff failed to comply with the Court's Order–failed to timely pay the filing fee or to provide the requested documentation needed to proceed *in forma pauperis*. *See Erby v. Kula*, 113 Fed.Appx. 74, 75-76 (6th Cir. 2004); *Davis v. United States*, 73 Fed.Appx. 804, 805 (6th Cir. 2003).

### III.

Accordingly, the Court **DISMISSES** Plaintiff's Complaint under 28 U.S.C. § 1915(a)(1) and (b)(1) and (2), for failure to comply with the filing requirement of the PLRA. Because the case is being dismissed under these circumstances, the Court further **ORDERS** that it is not to be reinstated to the district court's active docket despite the subsequent payment of filing fees. *McGore*, 114 F.3d at 605. Additionally, because the Court dismisses Plaintiff's Complaint, Plaintiff's "Motion for Reconsideration" is denied as moot.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: September 18, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 18, 2008, by electronic and/or ordinary mail.

                                        s/Carol A. Hemeyer
                                        Case Manager